# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TERRY DILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2314 CAS |
| | ) | |
| SILVERCOTE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. Defendants Silvercote, LLC ("Silvercote") and Steve Davis removed this case from state court on August 25, 2017. Plaintiff did not move to remand. The Court examined the Notice of Removal and petition and found that questions exist as to whether federal subject matter jurisdiction exists in this case. The Court ordered that defendants show cause, in writing, as to why jurisdiction exists in this case, and plaintiff was given the opportunity to respond. After reviewing the parties' memoranda, the Court finds it does not have subject matter jurisdiction to hear this case. The Court will remand the case to state court.

### *Background*

Plaintiff filed suit on August 26, 2016, in the Circuit Court of Warren County, Missouri. The petition asserts that plaintiff was employed by Silvercote at its Wright City, Missouri location. Plaintiff alleges in his petition that he worked for Silvercote or its predecessor for 22 years. Plaintiff alleges that defendants requested that he train a younger employee to perform the tasks he performed. According to the petition, on June 29, 2015, plaintiff's supervisor, defendant Steve Davis, terminated his employment. Plainitff alleges that despite favorable performance evaluations, he was discharged and was replaced by a younger employee. Plaintiff alleges that he was over 40

years old at the time and a member of a protected class under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.055 (2010). Plaintiff alleges that both Silvercote and defendant Davis are employers within the meaning of the MHRA. Plaintiff claims that both defendants discharged and discriminated against him because of his age in violation of the MHRA.

On August 25, 2017, one day shy of a year after this case was originally filed, defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Defendants maintain that this Court has federal diversity jurisdiction over the case because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. Defendants assert that plaintiff is a citizen of Missouri, and Silvercote is a citizen of Delaware and Indiana.[1] As for defendant Davis, defendants admit he is a citizen of Missouri, which would break diversity, but argue that his citizenship should be disregarded because he was fraudulently joined to defeat diversity jurisdiction.[2] In support of their argument for fraudulent joinder, defendants do not assert that plaintiff failed to state a colorable claim against defendant Davis in his petition. Rather, defendants state that following the completion of written discovery, they took plaintiff's deposition, at which time plaintiff made several admissions that establish defendant Davis is not an employer within the meaning of the MHRA and, therefore, cannot be held liable under the statute. Defendants argue that based on plaintiff's own admissions, it is evident defendant Davis did not directly oversee and was not actively involved in the alleged discriminatory conduct. According to defendants, plaintiff has

---

[1]Silvercote is a limited liability company. Defendants aver that its sole member, Knauf Insulation, Inc., is a Delaware corporation with its principal place of business in Indiana.

[2]In addition, "a defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed." Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir.1992); 28 U.S.C. § 1441(b). If defendant Davis is a properly joined defendant, removal would not be allowed under § 1441(b), because he is a citizen of Missouri, the forum state.

no reasonable basis in fact or law to support a MHRA claim against defendant Davis, and thus it is clear he was fraudulently joined in this suit to defeat diversity jurisdiction.[3]

Plaintiff responds that removal was not proper because defendants are asking the Court to review substantive evidence obtained during discovery and make a determination on the merits. Plaintiff argues that even if the Court were to review the evidence, defendants have not established that defendant Davis was fraudulently joined. Plaintiff contends that there remain issues of fact as to his MHRA claim against defendant Davis. Plaintiff avers that the defendants have misconstrued his deposition testimony, and states there is evidence in the record, albeit not direct evidence, establishing defendant Davis discriminated against plaintiff in violation of the MHRA.

*Discussion*

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court. See 28 U.S.C. § 1441(a); Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). The defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002). Removal statutes are strictly construed, In re Business Men's Assurance Co.

---

[3]Defendant Davis remains a defendant this case. Defendants did not move for the dismissal of defendant Davis in state court. Although they have not filed a motion to dismiss, defendants request in their Notice of Removal that the Court dismiss defendant Davis, without prejudice, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Doc. 10 at 8 (citing Wivwell v. Wells Fargo Bank, N.A., 773 F.3d 887, 896-97 (8th Cir. 2014), and Wichmann v. Proctor & Gamble Mfg. Co., 4:05-CV-1095, 2005 WL 2176922, at *3 (E.D. Mo. Sept. 8, 2005)).

of America, 992 F.2d 181, 183 (8th Cir. 1993), and any doubts about the propriety of removal are to be resolved in favor of remand. Central Ia. Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1) there must be complete diversity of citizenship between plaintiff and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 564 (2005) (cited case omitted). "In the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed." Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing Koenigsberger v. Richmond Silver Mining Co., 158 U.S. 41, 49–50 (1895)). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

This action is not removable on its face because it presents no federal question, and defendant Davis is a Missouri citizen. Defendants argue the case is removable because defendant Davis was fraudulently joined. Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the notice for removal is filed. Knudson v. Sys. Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). A defendant seeking removal on the basis of fraudulent joinder bears the burden of proving "that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" Id. at 980 (quoting Filla v. Norfolk S. Railway Co., 336 F.3d 806, 810 (8th Cir. 2003)). Under this standard, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be

4

retained." Filla, 336 F.3d at 810. Joinder of the diversity-destroying defendant is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811. The Eighth Circuit has further instructed that in ruling on the issue of fraudulent joinder, a district court does not have the power to decide the merits of a case. Id.

Here, defendants did not remove the case when it was originally filed in state court, and they are not asking the Court to determine whether plaintiff's petition states a claim against defendant Davis, such that there is "a reasonable basis for predicting" that Missouri law might impose liability against him. Id. In fact, there appears to be no dispute that plaintiff stated a claim in his petition against his supervisor, defendant Davis.[4]

While the case was pending in state court, defendant Davis answered plaintiff's petition and did not file a motion to dismiss. Instead the parties engaged in discovery, and only after plaintiff's deposition did defendants remove the case to federal court. In support of their assertion that federal jurisdiction exists in this case under the doctrine of fraudulent joinder, defendants ask the Court to review portions of plaintiff's deposition transcript, in addition to affidavits of Silvercote employees, including Mr. Davis, regarding who was plaintiff's supervisor, and who made the decision to terminate his employment. They ask the Court to make a determination, based on this evidence, that plaintiff cannot establish a claim against defendant Davis. Essentially, defendants are asking the Court to make a summary judgment ruling. They urge the Court to find there are no disputes of material fact, and that defendant Davis is entitled to judgment as a matter of law. This is wellbeyond the scope of what is allowed and appropiate under Eighth Circuit precedent.

---

[4]Missouri recognizes supervisor liability under the MHRA. See Hill v. Ford Motor Co., 277 S.W.3d 659, 669 (Mo. 2009) (en banc) ("[T]he MHRA is intended to reach . . . any person acting directly in the interest of the employer. A supervisory employee clearly falls into this category.").

The Eighth Circuit has held that "[f]raudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983); see also Filla, 336 F.3d at 810 (fraudulent joinder exists "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant"). The Eighth Circuit has held that this standard is even less stringent than the dismissal standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Knudson, 634 F.3d at 972 (rejecting the defendant's argument that the Rule 12(b)(6) standard should apply to the doctrine of fraudulent joinder, holding Filla established the proper standard). Here, defendants are asking the Court to go well beyond even the Rule 12(b)(6) standard – they are asking the Court to review evidence and make a merits determination. Defendants cite no controlling authority in which the reviewing court applied the doctrine of fraudulent joinder doctrine by considering evidence outside the pleadings to determine there was no claim against the diversity-destroying defendant.[5]

In their response to the Court's order to show cause, defendants make much of the fact that this case was removed pursuant to 28 U.S.C. § 1446(b)(3). Defendants argue that the Filla – whether the plaintiff has alleged in the complaint a colorable claim against the non-diverse defendant – does not apply in cases removed pursuant to this subsection. In Knudson, however, the case was removed

---

[5]Defendants argue that in Atwell v. Boston Scientific Corp., 740 F.3d 1160, 1162 (8th Cir. 2015), "the Eighth Circuit specifically held that deposition testimony constitutes 'other paper' upon which removal may be based." Doc. 12 at 3. Therefore, according to defendants, the Court must be able to consider deposition testimony when determining whether the doctrine of fraudulent joinder applies, because to hold otherwise would render the term "other paper" in § 1446(b)(3) meaningless. Defendant's argument is not well-taken. First, the Eighth Circuit in Atwell did not "hold" that deposition testimony satisfied § 1446(b)(3)'s "other paper" requirement. In that case, the statements at issue were those made by attorneys at a hearing, and the Eighth Circuit held that these statements could satisfy § 1446(b)(3)'s requirement. Atwell, 740 F.3d at 1162. In dicta, the Eighth Circuit stated that deposition transcripts might also satisfy the requirement. Id. But more importantly, Atwell did not involve a claim of fraudulent joiner, and the Eighth Circuit did not sanction the use of deposition transcripts for deciding, on the merits, whether a claim lies against a resident defendant. Id.

6

pursuant to § 1446(b)(3), and there the Eighth Circuit held that Filla applies. Knudson, 634 F.3d at 980 (reversing the district court's finding that the doctrine of fraudulent joinder applied; the court found "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved" because the motion to dismiss might be reversed on appeal) (citing Filla, 336 F.3d at 810). Other district courts in this Circuit have employed the Filla standard when ruling on the issue of fraudulent joinder for cases removed pursuant to § 1446(b)(3). See, e.g., Housley ex rel. v. Dial Corp., No. 4:17-CV-00577-DGK, 2017 WL 3269386, at *3 (W.D. Mo. Aug. 1, 2017) (finding removing defendants had not met their "heavy burden" of establishing fraudulent joinder applied because a Missouri court "might impose liability" on the resident defendant).

In the fraudulent joinder context, neither the Eighth Circuit nor the Supreme Court have approved of using documents outside the pleadings in order to evaluate whether a plaintiff can establish a claim against a diversity-destroying defendant. This Court has frequently declined to review documents outside the pleadings. See e.g., Klotz v. CorVel Healthcare Corp., No. 4:05-CV-1034 CAS, 2005 WL 3008515, at *5 (E.D. Mo. Nov. 9, 2005) ("Consideration of these exhibits would be appropriate if the Court were considering a dispositive motion. In ruling on the motion to remand, however, the Court's 'task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability upon the facts involved' and it must resolve all facts in the plaintiff's favor. The Court should not step from the threshold jurisdictional issue into a decision on the merits.") (quoting Filla, 336 F.3d at 811); C.C. ex rel. Chambers v. Union Pac. R. Co., No. 4:05-CV-1070 JCH, 2005 WL 2406027, at *3 (E.D. Mo. Sept. 28, 2005) ("the Court finds it inappropriate to determine the issue of fraudulent joinder based on the submitted substantive evidence"); Wandel v. Am. Airlines, Inc., No. 4:05-CV-1702 JCH, 2005 WL 2406017, at *3 (E.D. Mo. Sept. 28, 2005) (same); Heimann v. Burlington N. Santa Fe Ry. Co., No. 4:05-CV-

7

594 FRB, 2005 WL 1474142, at * 2 (E.D. Mo. June 14, 2005) ("the Court does not believe that basing its decision on the exhibits provided by [defendant] would be appropriate in this matter"); see also Schwenn v. Sears, Roebuck & Co., 822 F. Supp. 1453, 1455 (D. Minn. 1993) ("this Court . . . [finds] that it is inappropriate to apply a summary judgment standard to a claim of fraudulent joinder."); but see Reeb v. Wal-Mart Stores, Inc., 902 F. Supp. 185, 188 (E.D. Mo. 1995) (citation omitted) (holding that "in those instances where a court pierces the pleadings and considers factual and legal materials outside the pleadings, it should only consider whether these materials establish facts supporting the claims, not whether these materials resolve the merits of the plaintiff's claims").[6]

The Court also declines defendants' invitation to review evidence outside the pleadings and evaluate plaintiff's claim against defendant Davis, because it would appear that defendants are attempting an end run around the voluntary dismissal rule. The voluntary dismissal rule is another exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the notice of removal is filed. "If the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff." In re Iowa Mfg. Co. of Cedar Rapids, Iowa, 747 F.2d 462, 463 (8th Cir. 1984). "[I]f the plaintiff voluntarily dismisses the diversity-destroying defendant, a defendant may then be able to remove the case." Knudson, 634 F.3d at 975 (citing Powers v. Chesapeake & Ohio Ry. Co., 169 U.S. 92, 101-02 (1898)). If the dismissal of the diversity-destroying defendant was involuntary, such as on a motion to dismiss or a motion for summary judgment, the case is not removable. Id.

---

[6]Reeb is a district court decision made eight years prior to the Eighth Circuit's articulation of the appropriate standard for evaluation fraudulent joinder claims in Filla, 336 F.3d 806, and is therefore not persuasive.

After defense counsel took plaintiff's deposition, defendants believed, based on plaintiff's own testimony and the affidavits of Silvercote employees, that plaintiff would not be able to prevail on a claim against defendant Davis under the MHRA. But instead of filing a dispositive motion in state court asking that judgment be entered in defendant Davis's favor, they removed to federal court. This was improper. By removing the case, defendants are asking this Court to make a merits determination under the guise of the doctrine of fraudulent joinder. It appears that the defendants are attempting to avoid an "involuntary dismissal," which would preclude removal.

The circumstances of this case are not unlike the scenario the Supreme Court addressed in <u>Whitcomb v. Smithson</u>, 175 U.S. 635 (1900), one of the very first cases to establish the voluntary dismissal rule. There, the plaintiff had sued his non-diverse employer and two diverse individuals in state court. The diverse defendants removed to federal court arguing that the non-diverse employer "was fraudulently made a party for the sole purpose of preventing the removal of the cause." <u>Id.</u> at 635. The plaintiff responded that the non-diverse employer was made a defendant in good faith "and not for that purpose." <u>Id.</u> The case was remanded, and it later proceeded to trial. After the close of evidence, the lower court granted the non-diverse defendant a directed verdict "because the evidence did not sustain the allegations of the complaint as to the negligence of that defendant." <u>Id.</u> at 638. The diverse defendants then renewed their application to remove the cause of action to federal court, which was denied. <u>Id.</u>

The Supreme Court found that denial of the second application for removal was proper because plaintiff continued to prosecute his case against all the defendants, and the directed verdict was a ruling on the merits, which was adverse to the plaintiff and without his assent. <u>Id.</u> In making this determination, the Supreme Court stated: "The right to remove was not contingent on the aspect the case may have assumed on the facts developed on the merits of the issues tried." <u>Id.</u> In other

9

words, a case does not become removable "simply because the facts do not develop as favorably as the plaintiff had anticipated." E. Farish Percy, Making A Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder, 91 Iowa L. Rev. 189, 208 (2005).

In the case at bar, plaintiff filed suit against his supervisor, defendant Davis, based on his belief that defendant Davis was involved in the decision to terminate his employment. It would appear that plaintiff had a good faith reason for his belief because defendant Davis was his supervisor, and he participated in the meeting terminating plaintiff's employment. Doc. 13 at 3-4. The facts, however, did not develop as plaintiff anticipated. Based on plaintiff's deposition testimony and Silvercote employee affidavits, defendants believe plaintiff will be unable to prove his MHRA claim against defendant Davis. But even if plaintiff does not have the evidence to prove his MHRA claim against defendant Davis, this does not make the case removable. Whitcomb, 175 U.S. at 635 (the right to remove is not contingent on how the facts developed). Defendants cannot skirt the involuntary dismissal rule by claiming fraudulent joinder and removing to federal court in place of filing a dispositive motion in state court.

*Conclusion*

In conclusion, the Court finds that the fraudulent joinder standard articulated in Filla v. Norfolk S. Railway Co., 336 F.3d at 810, applies to this case. The Court further finds that defendants have not established that defendant Davis was fraudulently joined to defeat diversity, because plaintiff alleged a colorable claim against defendant Davis in his petition. The fact that plaintiff may not be able to establish a MHRA claim against defendant Davis, based on the testimony defense counsel elicited from plaintiff during his deposition and other affidavits, does not change the Court's analysis, as its is not the appropriate standard for determining fraudulent joinder. In deciding the jurisdictional issue, the Court does not have the power to decide the merits of the case. Filla, 336 F.3d at 810. Defendants' proposed framework for addressing a claim of fraudulent joinder not supported by controlling authority, and it also runs contrary to the voluntary dismissal rule established by the Supreme Court. Finding defendant Davis was not fraudulently joined, the Court concludes diversity jurisdiction does not exist in this case because there is not complete diversity of citizenship among the parties. The action will be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Twelfth Judicial Circuit Court, Warren County, Missouri for lack of subject matter jurisdiction.

An appropriate Order of Remand will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __24th__ day of May, 2018.